IN THE CIRCUIT COURT. SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY. FLORIDA

CASE NUMBER
DIVISION:

TERRANCE and YVONNE
CORNELIS:

      Plaintiff

  -against-

EATZA PIZZA, INC.
(An Arizona corporation)

      Defendants. : APRIL 24, 2009

# COMPLAINT

Plaintiffs, Terrance J Cornelis and Yvonne Cornelis (collectively "CORNELIS"), represented Pro Se hereby sues Defendant, EATZA PIZZA INC. (an Arizona corporation) hereafter (E P), and states as follows:

# Parties and Venue

1. Terrance J. Cornelis and Yvonne Cornelis are citizens residing in Port Orange, Florida, (both hereinafter "Cornelis"). Terrance and Yvonne Cornelis are shareholders of Cornelis Enterprises its principal place of business was located in New

Smyrna Beach, Florida where Cornelis operated Eatza Pizza Buffet.

2. Eatza Pizza, Inc. is a Arizona corporation with its principal place of business located in Scottsdale, Arizona (hereinafter "E.P.").

3. Jurisdiction and venue are proper based on Florida procedural and substantive law, including venue limitations applicable to Florida franchises.

## **Background**

4. October 24, 2006, Cornelis entered into a Restaurant Franchise Agreement with EP for the purpose of opening an Eatza Pizza restaurant in New Smyrna Beach, Fl. A true and accurate copy of this Franchise agreement is attached as Exhibit A.

5. E. P. then schemed to transfer all of the company equipment and rights to future royalties from existing and future franchisees to International Franchise Associates Inc. a Delaware corporation with its principal place of business in Westport, Connecticut hereinafter referred to as I.F.A. Since no money passed to E. P. but rather the deal was sealed with a promissory to come due two years later. This and other facts are revealed in the Asset Purchase agreement dated march 2007. See exhibit B

6. Chris Endres and Peter Taddeo, are shareholders of CEPTS5 an Indiana corporation owns and operates an Eatza Pizza restaurant in Muncie, Indiana. Whereas CEPT5 filed suit in St Joseph County later moved to United States District Court Northern District of Indiana South Bend Division

2

No .CV 213   Exhibit C. The short version of CEPTS5 complaint is that I.F.A. failed to live up their responsibilities as the Franchiser should.

7. On July 29, 2008 the United States District Court found in favor of Cepts5 and awarded treble damages, Exhibit D.

8. On August 4, 2008, I FA filed for Bankruptcy with the Superior Court Judicial District of Stamford / Norwalk, Exhibit E. With the suit by CEPTS5 against I F A decided in favor of CEPTS5 by the United States District Court and I F A immediately filing for bankruptcy protection establishes that I F A was a undercapitalized "shell" corporation to avoid its or E P's contractual obligations.

9. EP retains all rights and obligations of franchiser under the Franchise Agreement, along with constructive notice that this contract was obtained by use of a Franchise Offering Circular date of issuance October 11, 2006, that left out material facts that would influence a reasonable person's decision to purchase. A true and accurate copy is attached as Exhibit F.

10. The defect of the Franchise Offering Circular issued October 11, 2006 is explained in detail in both Schedule 15 Organization and good Standing 031907.doc 3/19/2007 10:43:09 A.M. E P herein states that as of October 11,2006 "Eatza Pizza is currently unable to sell franchises an any state." Once again in Sch 18- Disclosure Documents 031907 Doc 3/19/2007 10:43:30 A.M. Seller acknowledges no disclosures were made as to intent to sell, change of financial condition ,litigation, ownership of locations. These are a part of the Asset Purchase Agreement by and among Eatza Pizza, Inc. an Arizona corporation and International Franchise Associates Inc. a Delaware corporation . A true and accurate copy is attached as Exhibit B.

<u>3</u>

11. In the Asset Purchase agreement there is a statement made by Eatza Pizza Inc. page 7 IFA asset purchase agreement 032007 155pm.doc 4.6 franchise Matters that materially contradicts the disclosure made in Schedule 15 and Schedule 18. See Exhibit B. Here E P makes a totally contradictory statement, claiming to have made all required disclosures

12. In the Asset Purchase agreement, Sch 26- Material Changes 031907 .doc 3/19/2007 10:54:30 A.M. There is information given here as to the extent of the business failure that experienced in the year 2006 an aggregate loss of $10 million dollars and ended with this ' E P is working with its creditors toward settlement, in an effort to avoid a proceeding under Chapter 7 of the bankruptcy code". This information was withheld from Cornelis to their detriment.
See Exhibit B.

13. E P's wrongful course of conduct has been widespread in its Eatza Pizza franchises. Of the 42 Eatza Pizza restaurants opened at the time Cornelis was induced to enter into the Franchise Agreement, 39 restaurants has closed from E P's inability to comply with its franchisee obligations.

14. In the Franchise Agreement, E.P. claimed to have developed a distinctive restaurant design and food items for which it employed identifying restaurant layout and design features, including signage.

15. E.P. claimed to have developed distinctive and special equipment, recipes, food preparation methods, and food products that could be used by the franchisee, and that its restaurant system featured the highest standards of management training, supervision, merchandising, and quality food products.

4

16. Induced by these and other representations by E.P., Cornelis leased business space, paid franchise fees in the amount of $55,000, signed the Franchise Agreement, and otherwise prepared to open an Eatza Pizza restaurant, investing capital and effort to make the restaurant a successful enterprise. Cornelis invested a total of $1,1000.00.

17. Under the Franchise Agreement, E.P. had the obligation to provide Cornelis prototype plans and specifications for exterior and interior design, layout, fixtures, furnishings, signs, advertising, and equipment, but has never done so, though the Franchisee has been forced to pay $3,000 in fees and specific to such services.

18. Under the Franchise Agreement, E.P. had the obligation to provide operations and other training for restaurant managers and personnel, but had not done so.

19. Instead, despite E P's obligations under the Franchise Agreement, the franchisee at its own expense was forced to design its own building, specifications, and layout; to procure it own equipment; develop and implement its own training of personnel; and to create recipes and food production standards for pizza dough, spaghetti sauce, and other food items served at the restaurant, after discovering that E.P. had no proprietary recipes or food production standards, as E.P. represented.

20. Among these and other breaches by E.P, E.P. has also engaged in deceptive acts and practices, including, among other things and beginning in 2007, forcing the Franchisee to purchase goods and supplies exclusively from sources designated by E.P. and not voluntarily chosen by the Franchisee, though comparable goods and supplies are available from other sources at substantially less cost, obtaining

money or other benefits from such sources at the Franchisee's expense, and reasonably refusing to comply with the terms of the Franchise Agreement.

21.     Cornelis has had to cease the operations of its Eatza Pizza store due to over whelming losses and continues to be damaged as a result of E P's contractual breaches, deceptive acts, frauds and wrongful practices.

## COUNT I
## Breach of Contract

22.     Cornelis incorporates the allegations in paragraphs 1 through 22 as though fully set forth herein.

23.     Cornelis and E.P have entered into a Franchise Agreement that E.P has materially breached. The Franchisee has complied with all conditions precedent that are enforceable against it under the Franchise Agreement.

24.     As a result of E P's breaches of the Franchise Agreement, the Franchisee has suffered damages.

## COUNT II
## Florida Deceptive and Unfair trade Practices ACT ("FDUTPA")

25.     Cornelis incorporates the allegations in paragraphs 1 through 25 as though fully set forth herein.

26.     E.P. employed a scheme and artifice to defraud Cornelis, and otherwise left out intentionally material facts from the October 11, 2006 Franchise Offering Circular. Herein but not limited to Seller's intention to sell certain of its assets, changes in litigation, locations owned, changes in franchisees, or changes in financial position of seller.

27. E.P. further misrepresented material fact in both the March 28, 2005 through the October 11, 2006 Franchise Offering Circular herein but not limited to cost of opening and developing an Eatza Pizza restaurant, cost of first year operating and advertising expense. Claims to have distinctive and identifying recipes, food preparation methods, and food products, including pizza sauce, spaghetti sauce, Alfredo sauce, or cheeses, when in fact E.P. knew that it did not.

28. The intentional failure of E.P. to provide disclosures set forth in 16 C.F.R.S. 436. (1)(2) constituted an unfair or deceptive act in violation of the Federal Trade Commission Act, 15 U.S.C. Section 45(a)(1).

29. The foundation for the claim is the language found in section 501.203 (3), Florida Statutes (2005), that states, among other things, that the term "violation of this part" means any violation of the FDUTPA and may be based on rules promulgated pursuant to the Federal Trade Commission Act or the standards of "unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts."

30. E P's engagement in deceptive practices has violated the public and legal policy of Florida Deceptive and Unfair Trade Practices Act and caused Cornelis pecuniary and other losses.

## COUNT III
### Federal Trade Commission Act

31. Cornelis incorporates the allegations in paragraphs 1 through 31 as though fully set forth herein.

32. E P employed a scheme and artifice to defraud Cornelis, and otherwise left out intentionally material facts from the October 11, 2006 Franchise Offering Circular. Herein but not limited to Seller's intention to sell certain of its assets, changes in litigation, locations owned, changes in franchisees, or changes in financial position of seller.

33. E P further misrepresented material fact in both the March 28, 2005 through the October 11, 2006 Franchise Offering Circular herein but not limited to cost of opening and developing an Eatza Pizza restaurant, cost of first year operating and advertising expense. Claims to have distinctive and identifying recipes, food preparation methods, and food products, including for pizza sauce, spaghetti sauce, Alfredo sauce, or cheeses, when in fact E P knew that it did not.

34. The intentional failure of E P to provide disclosure of material change and to misrepresent fact pertinent to the operation of an Eatza Pizza restaurant is in violation of 15 USC Section 45 (a)(1) and is unlawful.

35. The violation by E P of the Federal Trade Commission Act 15 USC Section 45 (a)(1) has caused Cornelis damages that are recoverable under USC Section 45 (4)(B) restitution.

## COUNT IV
## Florida Franchise Act

36. Cornelis incorporates the allegations in paragraphs 1 through 36 as though fully set forth herein.

37. E P employed a scheme and artifice to defraud Cornelis, and otherwise left out intentionally material facts from the October 11, 2006 Franchise Offering Circular. herein but not limited to Seller's intention to sell certain of its assets, changes in litigation, locations owned, changes in franchisees, or changes in financial position of seller.

38. E P further misrepresented material fact in both the March 28, 2005 through the October 11, 2006 Franchise Offering Circular herein but not limited to cost of opening and developing an Eatza Pizza restaurant, cost of first year operating and advertising expense. Claims to have distinctive and identifying recipes, food preparation methods, and food products, including for pizza sauce, spaghetti sauce, Alfredo sauce, or cheeses, when in fact E P knew that it did not.

39. The intentional failure of E P to provide disclosure of material changes and to misrepresent the facts pertinent to the operation of an Eatza Pizza restaurant has violated the public and legal policy of the State of Florida, including F.S.A. 817.416 and caused Cornelis pecuniary and other losses.

## COUNT V
### Fraud

40. Cornelis incorporates the allegations in paragraphs 1 through 40 as though fully set forth herein.

41. E P employed a scheme and artifice to defraud Cornelis, and otherwise made false statements of material fact as well as material omissions of fact upon which Cornelis reasonably relied to his detriment.

42. In particular, E P omitted intentionally from the October 11, 2006 circular, Franchise Agreement, and oral representations, that Seller had intentions to sell certain of

its assets, changes in litigation, locations owned, changes in franchisees, and changes in financial condition of seller.

43. In particular, E P represented before and in October 2006, through its circular, Franchise Agreement, and oral representations, that E P had distinctive and identifying recipes, food preparation methods, and food products, including for pizza sauce, spaghetti sauce, alfredo sauce or cheeses, when if fact E P knew that it did not.

44. In particular, E P represented before and in October 2006, through its circular, Franchise Agreement, and oral representations, that E P had distinctive and identifying restaurant layout and design features, including distinctive building design, décor, accessories, fixtures, and other identifying "trade dress" in the interior and exterior of Eatza Pizza restaurants, when in fact E P knew that it did not.

45. In particular, E P represented before and in October 2006, through its circular, Franchise Agreement, and oral representations, that E P had distinctive and identifying operational, management, and record-keeping procedures, as well as advertising and marketing techniques, when in fact E P knew that it did not.

46. E P misrepresented these material facts to induce Cornelis to enter into a franchise relationship, and E P's fraud otherwise has caused the Franchisee damages that are recoverable by common law or that otherwise justify rescission of the franchise relationship and restoration of the Franchisee to the status quo.

## COUNT VI
## Small Business Franchise Act

47. Cornelis incorporates the allegations in paragraphs 1 through 47 as though fully set forth herein.

48. E P employed a scheme and artifice to defraud Cornelis, and otherwise left out intentionally material facts from the October 11, 2006 Franchise Offering Circular. herein but not limited to Seller's intention to sell certain of its assets, changes in litigation, locations owned, changes in franchisees, or changes in financial position of seller.

49. E P further misrepresented material fact in both the March 28, 2005 through the October 11, 2006 Franchise Offering Circular herein but not limited to cost of opening and developing an Eatza Pizza restaurant, cost of first year operating and advertising expense. Claims to have distinctive and identifying recipes, food preparation methods, and food products, including for pizza sauce, spaghetti sauce, Alfredo sauce, or cheeses, when in fact E P knew that it did not.

50. E P's engagement in deceptive practices has violated the public and legal policy of the Small Business Franchise Act, H. R. 3308 and caused Cornelis pecuniary and other losses.

## COUNT VII
## Arizona Consumer Fraud Act

51. Cornelis incorporates the allegations in paragraphs 1 through 51 as though fully set forth herein.

52. E P has engaged in deceptive franchise acts and practices, including among other things, selling Cornelis a franchise, when by their own admission they were not in compliance with F. T. C. rules and regulations, and non-disclosure of material facts that would have influenced Cornelis decision to purchase.

53. E P'S engagement in deceptive practices has violated the public and legal policy of the State of Arizona, The Arizona Consumer Fraud Act, and caused

the Franchisee pecuniary and other losses.

## COUNT VIII

### Declaratory Judgment

54. Cornelis incorporates allegations in paragraphs 1 through 54 as though fully set forth herein.

55. EP's material breaches of the Franchise Agreement, non-disclosures and violations of public policy and law, have resulted in grave damages to Cornelis and as such Cornelis relies on the Court to resolve by declaration after review of the pertinent materials and facts.

56. The respective parties have a substantial and present interest in the subject matter of this controversy.

## COUNT IX
### Unjust Enrichment

56. Cornelis incorporates the allegations in paragraphs 1 through 56 as though fully set forth herein.

57. Measurable benefits have been conferred on E P and under circumstances in which the retention of those benefits would be unjust.

58. E P has been unjustly enriched, and, as a result, Cornelis has suffered damages.

WHEREFORE, Cornelis requests judgment in their favor and against E P an award of all damages, including all compensatory and pecuniary damages as trebled, equitable relief, as well as attorneys fees, costs, and all other just and proper relief.

RESPECTFULLY SUBMITTED,
Terrance J. Cornelis

PLAINTIFFS
Terrance J. Cornelis & Yvonne Cornelis

By _____

| Terrance J. Cornelis | Yvonne Cornelis |
| P.O. Box 291774 | P. O. Box 291774 |
| Port Orange FL. 32129 | Port Orange FL. 32129 |
| Tel No. 386-547-3911 | Tel No. 386-527-9870 |
| Fax No. 386-760-1518 | Fax No. 3386-760-1518 |
| E-mail: Tcornelis@aol.com | E=mail Ycornelis @aol.com |

13